**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Pauline R. Turchetta, | No. CV-16-3244-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Currently pending before the Court is Plaintiff Pauline Turchetta's Attorney's Motion for an Award of Attorney's Fees brought pursuant to 42 U.S.C. § 406(b) (Doc. 31). Turchetta's attorney requests $17,521.25, and contends it is justified by the fee agreement entered into between Turchetta and her attorney on January 20, 2015, and that the amount is reasonable for the services rendered according to the guidelines set out in *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). (Doc. 31) Defendant has no objection to this request. (Doc. 32)

**BACKGROUND**

Turchetta filed a complaint for judicial review of the Social Security Administration's determination denying his claim for disability benefits and sought a remand for an award of benefits. (Doc. 1) At the conclusion of briefing, the Court agreed. (Doc. 27) The Court has previously granted Turchetta's attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,610.32. (Doc. 30)

| | |
|---|---|
| 1 | The Court reviews a contingent-fee arrangement under Section 406(b) to determine whether the amount is reasonable for the services rendered. *Gisbrecht, supra*. In evaluating the reasonableness of the contingent-fee agreement, after it determines that the amount does not exceed 25% of the award, the Court may consider whether (1) a claimant's counsel is responsible for delay, or (2) "the benefits are large in comparison to the amount of time spent on the case." *Id*. at 808. The Court may review "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id*.

The Court's independent review concludes that the fees are reasonable. First, there is no suggestion that counsel delayed this matter beyond reasonable requests for additional time to file a reply brief. (Docs. 17, 19) Second, the Court has already approved counsel's award under EAJA; the Court will not re-examine the hours spent and the normal billing rate. Third, the EAJA offset results in Turchetta actually paying out-of-pocket much less than 25% of past-due benefits. Finally, because civil actions for Social Security disability benefits have a significant risk of loss, the effective hourly rate is not unreasonable.

Finally, the Commissioner objected to granting fees for work performed at the administrative level because those fees are only available under Section 406(a). (Doc. 32) The Court notes that the motion is titled as a request for fees under Section 406(b) and was expanded, via footnote, to include Section 406(a). (Doc. 31 at 2, n.2) Although counsel has not used the most explicit method for invoking Section 406(a)'s entitlement to administrative-level fees, the Court will consider the pending Motion as one under 42 U.S.C. § 406(a) and (b).

**IT IS THEREFORE ORDERED** granting Turchetta's Motion for Attorney's Fees (Doc. 31).

. . .

. . .

. . .

. . . |

**IT IS FURTHER ORDERED** granting Turchetta's counsel's request for $17,521.25. Further, Turchetta's counsel shall, after the receipt of this award, refund to Plaintiff Pauline R. Turchetta the lesser of any fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

Dated this 10th day of July, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge